```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------
ANTAR WINDLEY,

                Plaintiff,            16 CV 4529(WFK)(VMS)
-against-
                                      **FIRST AMENDED
THE CITY OF NEW YORK, POLICE OFFICER  COMPLAINT**
RICARDO MORENO AND POLICE OFFICER
JHONNATAN SANCHEZ-PENA, whom are sued **Jury Trial Demanded**
individually and in their official
capacities,

                Defendants.
----------------------------------------
```

Plaintiff, ANTAR WINDLEY, by and through his attorney, AARON M. RUBIN, hereby alleges on information and belief:

1. Plaintiff bring this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the United States Constitution caused by the conduct of Defendants while acting under color of law.

2. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in Queens County.

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York State law.

6. A notice of claim of Plaintiff's intent to sue for the violation of his civil rights, false arrest and excessive force was duly filed with the City of New York on July 15, 2015.

7. Pursuant to New York General Municipal Law § 50-H, the City of New York conducted an examination of Plaintiff by deposition held on September 28, 2015.

8. To date, Defendants have not made an offer to settle Plaintiff's state law claims for false arrest and excessive force.

9. Plaintiff is an adult black male and citizen of the United States, and resident of New Jersey.

10. Defendants Ricardo Moreno and Jhonnatan Sanchez-Pena are police officers employed by the New York City Police Department, (hereinafter, "NYPD"), and acted under color of state law in the course and scope of their

duties and functions as agents, employees and officers of Defendant City of New York and the NYPD.

11. Defendant City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  The City of New York is authorized by law to maintain the NYPD, which acts as the City of New York's agent in the area of law enforcement and for which it is ultimately responsible.  The City of New York assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers.  Additionally, the City of New York was at all times relevant herein the public employer of police officers Ricardo Moreno and Jhonnatan Sanchez-Pena, who are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

12. On or about June 2, 2015, at approximately 6 p.m., Plaintiff was walking on the sidewalk in the area of 13th Street between 43rd Avenue and Queens Plaza South in Queens County, New York.

13. At around that time, an unmarked van approached Plaintiff.

14. Police officer Ricardo Moreno exited the unmarked van and approached Plaintiff.

15. Police officer Ricardo Moreno was a male police officer dressed in plain clothes.

16. Police officer Ricardo Moreno at that time did not verbally identify himself to Plaintiff as a police officer and did not display any information to identify himself as a police officer, such as an NYPD shield.

17. Police officer Ricardo Moreno stated to Plaintiff in sum and substance, "Hey you, come here."

18. Plaintiff ran from Police officer Ricardo Moreno.

19. Police officer Ricardo Moreno chased Plaintiff.

20. The unmarked van also chased after Plaintiff.

21. The unmarked van was driven by Police officer Jhonnatan Sanchez-Pena.

22. Police officer Jhonnatan Sanchez-Pena was also in plainclothes.

23. The unmarked van pulled in front of Plaintiff.

24. Police officer Jhonnatan Sanchez-Pena displayed a NYPD shield and gun to Plaintiff and ordered Plaintiff to get down on the ground.

4

25. Plaintiff got down on the ground in response to Police officer Jhonnatan Sanchez-Pena's command.

26. Police officer Ricardo Moreno caught up to Plaintiff after Plaintiff got down on the ground.

27. Police officer Ricardo Moreno stated to Plaintiff, in sum and substance, "Oh you want to run, you want to be an asshole?"

28. Police officer Ricardo Moreno kicked Plaintiff in the face while Plaintiff was lying on the ground.

29. Police officer Ricardo Moreno kicked Plaintiff in the mouth while Plaintiff was lying on the ground.

30. Police officer Ricardo Moreno kicked Plaintiff under his right eye while Plaintiff was lying on the ground.

31. Plaintiff sustained injuries to his face and mouth from being kicked in the face by Police officer Ricardo Moreno, including the loss of a tooth and bruising and bleeding from his mouth and the right side of his face.

32. Police officer Ricardo Moreno and Police Officer Jhonnatan Sanchez-Pena searched Plaintiff's person.

5

33. Police officer Ricardo Moreno and Police Officer Jhonnatan Sanchez-Pena handcuffed Plaintiff and put him in the unmarked van.

34. Police officer Ricardo Moreno and Police Officer Jhonnatan Sanchez-Pena transported Plaintiff to a hospital while he remained in police custody.

35. Plaintiff received medical treatment at the hospital.

36. Police officers then transported Plaintiff to a police precinct where Plaintiff was locked in a cell.

37. Police fingerprinted Plaintiff at the precinct.

38. Police transported Plaintiff in custody to Central Booking.

39. Plaintiff was arraigned in criminal court.

40. Plaintiff pled guilty at arraignment to Obstructing Governmental Administration in the Second Degree under Penal Law 195.05, an A misdemeanor.

41. The conduct by Defendants caused Plaintiff to suffer loss of liberty, emotional, physical and psychological pain and injuries, embarrassment, humiliation, reputational harm, financial loss, and the deprivation of his Constitutional rights.

**PLAINTIFF'S CLAIMS**

42. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

43. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law and acted with excessive force to deprive Plaintiff of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

44. The conduct by Defendants was a direct and proximate cause of Plaintiff's false arrest, unlawful seizure and imprisonment, and violations of his Constitutional rights, and constituted excessive force.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       November 28, 2016

AARON M. RUBIN
*Attorney for Plaintiff*

_____s/_____
BY: Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
(212) 725-4600
aaron.m.rubin@gmail.com